UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NORTHWEST COMMERCIAL REAL ESTATE INVESTMENTS, LLC, a Washington limited liability company, DBA NORTHWESTAPARTMENTS.COM and NORTHWEST APARTMENTS, MORGRO INVESTMENTS, LLC, RGD PROPERTY SERVICES, LLC, METRO PROPERTY SERVICES, LLC, DAVID BUCK, AARON FREIN, TERRY BERNARD, and JOHN BEUTLER,<br><br>　　　　Defendants. | Civil Action No. 2:21-cv-01559<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

NOW COMES, Plaintiff, The Hanover Insurance Company ("Hanover"), by and through its attorneys, and for its Complaint for Declaratory Judgment against Defendants Northwest Commercial Real Estate Investments, LLC, dba northwestapartments.com and Northwest Apartments ("NWCREI"), MorGro Investments, LLC, RGD Property Services, LLC, Metro Property Services, LLC, David Buck, Aaron Frein, Terry Bernard and John Beutler, states as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.　　Plaintiff Hanover is a New Hampshire corporation with its principal place of

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

business in Worcester, Massachusetts.

2. Defendant NWCREI is a limited liability company with its principal place of business in Seattle, Washington.

3. NWCREI's members are RGD Property Services, LLC ("RGD") and MorGro Investments, LLC ("MorGro").

4. The sole member of RGD is Ron Danz, who is a citizen of the State of Washington.

5. The sole member of MorGro is Morris Groberman, who is a citizen of the State of Washington.

6. Metro Property Services, LLC ("Metro") is a limited liability company with its principal place of business in Seattle, Washington.

7. The members of Metro are McNulty Real Estate Services, LLC and First Western Management, LLC.

8. The sole member of McNulty Real Estate Services, LLC is Kevin McNulty, who is a citizen of the State of Washington.

9. The members of First Western Management, LLC are Jeremiah Darr, Tim Weber, Josh Parnell, Brennan McClurg, Justin Holmes and Steve Erickson, who are all citizens of the State of Washington.

10. David Buck is a citizen of the State of Washington.

11. Aaron Frein is a citizen of the State of Washington.

12. Terry Bernard is a citizen of the State of Washington.

13. John Beutler is a citizen of the State of Washington.

14. David Buck, Aaron Frein, Terry Bernard and John Beutler have filed a class

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

action lawsuit against NWCREI in the Superior Court of the State of Washington, County of King, Case No. 21-2-03929-1 SEA, which gives rise to this action and in which the plaintiffs seek damages significantly exceeding $75,000 against NWCREI.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 based on diversity of citizenship between the Plaintiff and each of the Defendants, as well as the fact that the amount in controversy exceeds $75,000.

16. Venue is proper in this matter because certain events giving rise to this matter occurred in this judicial district and the Defendants are subject to the personal jurisdiction of this Court.  28 U.S.C.A. §1391.

## II. FACTUAL BACKGROUND

Buck Class Action

17. On or about March 25, 2021, a Class Action Complaint for Injunctive Relief and Damages was filed in the Superior Court of the State of Washington, County of King, under the caption, *David Buck, Aaron Frein, Terry Bernard, and John Beutler v. Northwest Apartments, LLC and Northwest Commercial Real Estate Investments, LLC,* Case No. 21-2-03929-1 SEA (the "Buck Class Action").

18. A First Amended Complaint was filed in the Buck Class Action, which replaced Northwest Apartments, LLC and Northwest Commercial Real Estate Investments, LLC as defendants with Northwest Commercial Real Estate Investments, LLC dba northwestapartments.com and Northwest Apartments, and which added MorGro and RGD as defendants.  A true and correct copy of the First Amended Complaint in the Buck Class Action is attached hereto and incorporated herein as **Exhibit A**.

19. In addition to alleging claims by the named plaintiffs, the First Amended Complaint proposes three separate classes: (a) a Security Deposit Forfeiture Class, which consists of all former tenants of Northwest Apartments-managed properties located in

Washington who lost money or property as a result of Northwest Apartments forfeiting a security deposit pursuant to a lease provision purporting to authorize the forfeiture; (b) a Lock Change Fee Class, which consists of all former tenants of Northwest Apartments-managed properties located in Seattle Washington who lost money or property as a result of Northwest Apartments charging an automatic lock change fee upon termination of their tenancy; and (c) a Utilities Class, which consists of all current or former tenants of Northwest Apartments-managed properties located in Seattle, Washington who paid Defendants utilities charges relating to a master metering system at the Northwest Apartments-managed property.

20. The First Amended Complaint contains four causes of action. The First Cause of Action is brought on behalf of the purported Security Deposit Forfeiture Class and alleges violations of the Washington Consumer Protection Act, RCW 19.86 et seq. as a result of imposing a security deposit forfeiture provision for an amount that is unrelated to any actual damages resulting from the event that triggered the forfeiture, and is not a reasonable forecast of just compensation for any harm caused by any alleged breach of the lease. The First Cause of Action further alleges that NWCREI, MorGro, RGD and the other defendants engaged in "unfair or deceptive" conduct within the meaning of the Washington Consumer Protection Act, RCW 19.86.010, et seq., causing Beutler and Frein and the purported Security Deposit Forfeiture Class members to suffer injury in fact and loss of money.

21. The Second Cause of Action is brought on behalf of the purported Lock Change Fee Class and alleges violations of the Washington Consumer Protection Act, RCW 19.86 et seq. as a result of the defendants' practice of deducting $50 from a Seattle tenant's security deposit for a lock change fee upon termination of the tenancy. The Second Cause of Action further alleges that NWCREI, MorGro, RGD and the other defendants engaged in "unfair or deceptive" conduct within the meaning of the Washington Consumer Protection Act, RCW 19.86.010, et

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1  seq., causing the plaintiffs in the Buck Class Action and the members of the purported Lock Change Fee Class to suffer injury in fact and loss of money.

22. The Third Cause of Action is brought on behalf of the purported Utilities Class and alleges violations of the Washington Consumer Protection Act, RCW 19.86 et seq. and the Seattle Municipal Code Chapter 7.25 as a result of failing to provide the notice of disclosures required by Ch. 7.25 and by charging tenants more for utilities than is permitted under the ordinance.

23. Seattle Municipal Code Chapter 7.25 is under "Title 7 – Consumer Protection" and includes the following provisions under SMC § 725.010, which are referenced in the Third Cause of Action as a basis therefor:

> The general purpose of this chapter is to prevent landlord, either themselves or through a third party billing agent, from billing tenants for master metered or other unmetered utility services without proper notice and disclosure of billing practices to tenants, and to protect tenants from deceptive or fraudulent billing practices, and to these ends the provisions of this chapter shall be liberally construed."

24. Seattle Municipal Code Chapter 7.25 is under "Title 7 – Consumer Protection" and includes the following provisions under SMC § 725.030 which are referenced in the Third Cause of Action as a basis therefor:

> A. It is a deceptive and fraudulent business practice for any landlord or third party billing agent to bill tenants separately for utility services except as permitted in this chapter.
>
> B. It is a deceptive and fraudulent business practice for a landlord to engage, retain, or authorize, and a landlord shall be liable for the actions of, a third party billing agent that does not comply with the requirements of this chapter.

25. The Third Cause of Action alleges that the defendants' common policy or practice of failing to comply with Chapter 7.25 of the Seattle Municipal Code constitute unfair or deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86 et seq., and have caused Buck, Bernard and the members of the purported Utility Class to suffer injury in

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

fact and lost money.

26. The Fourth Cause of Action is brought on behalf of the purported Utilities Class and alleges violations of Seattle Municipal Code Chapter 7.25 as a result of the defendants failing to provide the notice or disclosures required by Ch. 7.25 and by charging tenants more than permitted under the ordinance.

27. The Fourth Cause of Action references SMC §§ 7.25.010, 7.25.020, 7.25.030, 7.25.040 and 7.25.050, which together prohibit certain "deceptive and fraudulent" business practices.

28. The Fourth Cause of Action seeks actual damages and a mandatory penalty of either $100 or $200 per violation under SMC § 7.25.050.B(2).

29. The Prayer for Relief in the First Amended Complaint seeks actual damages, treble damages under the Washington Consumer Protection Act, penalties under the Seattle Municipal Code, injunctive and declaratory relief, attorneys' fees and costs of suit.

30. Hanover has funded the defense of NWCREI, MorGro, RGD and Metro in the Buck Class Action, pursuant to a reservation of rights, to date.

Proceedings Brought Prior to May 30, 2020

31. Prior to May 6, 2020, David Buck filed a Third Party Billing Complaint alleging that he had been subject to billing practices that violate Chapter 7.25 Seattle Municipal Code. A true and correct copy of the "Findings and Decision of the Hearing Examiner for the City of Seattle," which references the Third Party Billing Complaint, is attached hereto and incorporated herein as **Exhibit B.**

32. In the Findings and Decision of the Hearing Examiner for the City of Seattle (Ex. B), the Hearing Examiner set forth the following conclusions:

   1. The Hearing Examiner has jurisdiction over matters of this type

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

pursuant to SMC 7.25.050.

2. The Landlord did not post in a conspicuous public place copies of the three most current master utility bills or inform tenants about how they could arrange to review them, or make them available to tenants. This is a violation of SMC 7.25.040 A.3.

3. The Third Party Utility Billing Code requires that the methodology for utility billings be transparent and that bills be available to tenants, and those requirements are not met here.

4. The evidence shows that the Landlord has not met all billing practice requirements of Chapter 7.25 SMC, and the billing company did not provide requested billing information to the Complainant in a timely manner.

5. The Complainant did not demonstrate that the Landlord's violation of Chapter 7.25 SMC was willful.

33. In the Findings and Decision of the Hearing Examiner for the City of Seattle (Ex. B), the Hearing Examiner ordered that Northwest Apartments rescind all late fees, service fees, collection fees and/or charges added to the underlying utility bill, and to cease and desist all unlawful detainer actions related to these charges, as well as to provide the requested billing statement by the date of May 12, 2020.

34. On February 12, 2020, Alex McCune, the Code Compliance Analyst for the City of Seattle Department of Construction and Inspections, sent an email to various persons at NWCREI advising that Aaron Frein had made a complaint to the City of Seattle for Northwest Apartments' failure to return deposit, in compliance with State and Local laws and codes. A chain of e-mails which includes the February 12, 2020 email is attached hereto and incorporated herein as **Exhibit C**.

35. On February 13, 2020, Alex McCune sent a second e-mail to various persons at NWCREI advising of the following Code violations committed by Northwest Apartments with respect Aaron Frein:

**Violation 1:** Failure to return deposit within 21 days of termination of tenancy. Mr. Frein has supplied information showing that more than 21 days elapsed. This is a violation of SMC 7.24.035.D, which requires

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

compliance with RCW 59.18.280.  It appears that Northwest Apartments and Michael Nelson continue to hold the deposit in violation of SMC 7.24.035.D.

**Violation 2:**  Northwest Apartments Security Deposit Statement claims a $50 "lock change fee per lease".  Under SMC 7.24.020 "Security Deposit" a landlord that must change locks upon change of tenancy per SMC 22.206.140.A.7, does so "at owner's expense."  It appears that Northwest Apartments and Michael Nelson are ignoring the linked Code provisions.

**Violation 3:**  Northwest Apartments Security Deposit Statement claims that with a lease break, "deposit forfeited".  Lease provision 2.20 states that a tenant forfeits a deposit upon early termination.  The lease provision is a direct violation of SMC 7.24.030.B.3, (modified language following) "no rental agreement …may…require forfeiture of all or part of a deposit if the tenant terminates the tenancy pursuant to law and vacates before expiration of any minimum term."  Retention of the deposit on an unlawful lease provision is a violation.

**Violation 4:**  The aforementioned lease provision 2.20 provides for, "a termination fee of three (3) months' rent," and this is an unlawful lease provision.  See SMC 7.24.030.B.2.  Northwest Apartments Security Deposit Statement claims a right to reimbursement for "lease break".

Ex. C.

<u>Hanover Policy</u>

36.     Hanover issued a Hanover Professionals Advantage Portfolio Policy to Northwest Commercial Real Estate Investments LLC and Metro Property Services LLC dba First Western Properties Management, Policy No. LH2 9672350 09, effective from May 30, 2020 to May 30, 2021 (the "Hanover Policy").  A true and correct copy of the Hanover Policy is attached hereto and incorporated herein as **Exhibit D**.

37.     **Item 6. PROFESSIONAL SERVICES** in the Declarations of the Hanover Policy lists "PROPERTY MANAGEMENT AND REAL ESTATE AGENT/BROKER."

38.     The Hanover Policy contains the following insuring agreement:

**A. COVERAGE – WHAT THIS POLICY INSURES**

1. Professional Services Coverage

    **We** will pay on **your** behalf those sums which **you** become legally obligated to pay as **damages** and **claim expenses** because of any **claim** made against **you** arising from a **wrongful act** in the

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

   rendering or failure to render **professional services** by **you**.

   The following additional requirements and limitations shall apply to coverage provided under **A.1** above and **A.3** and **A.4** below:

   a. The **wrongful act** must have first occurred on or after the applicable **retroactive date(s);**

   b. **You** had no knowledge of facts which could have reasonably caused **you** to foresee a **claim**, or any knowledge of the **claim**, prior to the effective date of this **policy**; and,

   c. The **claim** must first be made and reported to **us** in writing during the **policy period** or any **extended reporting period**, if applicable, and must arise from any **wrongful act** to which this **policy** applies.

39. The Hanover Policy contains the following exclusions:

  This **policy** does not apply to **claim(s)**

  1. Based upon, arising out of, or in any way relating directly or indirectly to any **insured**:

   a) Committing any intentional, dishonest or fraudulent act or omission; or

   b) Gaining any profit, remuneration or advantage to which such **insured** was not legally entitled,

  provided that this exclusion will not apply until a final adjudication establishes **a)** or **b)** above;

  2. For any willful or criminal violation of any statute, rule or law;

  11. Arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws;

  15. Arising out of disputes involving:

   a) **Your** fees or charges, including over-charges, or cost over-runs;

   b) Collecting **your** fees from third parties;

   c) The return of fees or other compensation paid to **you**; or

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

d) **Your** cost of correcting or re-performing or completing any **professional services**….

40. The Hanover Policy contains the following definitions:

**Claim** means a written demand or **suit you** receive.

\*\*\*

**Potential claim** means any **wrongful act** or any facts or other circumstances which may subsequently give rise to a **claim**.

**Professional services** means those services described in Item **6.** of the Declarations which **you** perform for others for a fee.

\*\*\*

**Wrongful act** and **wrongful acts** means any actual or alleged negligent act, error, omission, or misstatement committed in **your professional services**.

## COUNT I
**(Declaratory Judgment – No Duty to Defend – Claim First Made Prior to Policy Period)**

41. Hanover adopts and incorporates by reference paragraphs 1-40, as though fully set forth herein as this paragraph 41.

42. The Hanover Policy covers a "claim" only if it was first made during the policy period of the Hanover Policy.

43. The Buck Class Action alleges that Defendants NWCREI, MorGro, RGD and Metro violated state and local law by imposing a security deposit forfeiture provision for an amount that is unrelated to any actual damages resulting from the event that triggered the forfeiture.

44. Aaron Frein made a written demand to NWCREI prior to the inception of the Hanover Policy alleging that NWCREI had violated local ordinances by imposing a security deposit forfeiture provision and retaining Frein's security deposit.

45. The claims alleged in the Buck Class Action based on the imposition of a security deposit forfeiture provision and retention of security deposits was first made prior the policy

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

period of the Hanover Policy.

46. The Buck Class Action alleges that NWCREI, MorGro, RGD and Metro violated state and local law by deducting $50 from tenants' security deposits for a lock change fee upon termination of the tenancy.

47. Aaron Frein made a written demand to NWCREI prior to the inception of the Hanover Policy alleging that NWCREI had violated local ordinances by deducting $50 from Frein's security deposit for a lock change fee upon termination of his tenancy.

48. The claims alleged in the Buck Class Action based on the deduction of $50 from tenants' security deposits for a lock change fee upon termination of the tenancy was first made prior the policy period of the Hanover Policy.

49. The Buck Class Action alleges that NWCREI, MorGro, RGD and Metro violated state and local law by failing to provide the notice of disclosures required by Ch. 7.25 of the Seattle Municipal Code with respect to utilities and by charging tenants more for utilities than is permitted under the ordinance.

50. David Buck made a written demand to NWCREI prior to the inception of the Hanover Policy alleging that NWCREI had violated local ordinances by failing to provide the notice or disclosures required by Ch. 7.25 with respect to utilities and by charging tenants more than permitted under the ordinance for utilities.

51. The claims alleged in the Buck Class Action based on the defendants failing to provide the notice or disclosures required by Ch. 7.25 with respect to utilities and by charging tenants more than permitted under the ordinance for utilities was first made prior to the policy period of the Hanover Policy.

52. All of the claims set forth in the Buck Class Action were first made prior to the policy period of the Hanover Policy.

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 11

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

53. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

## COUNT II
**(Declaratory Judgment – No Duty to Defend or Indemnify – Prior Notice)**

54. Hanover adopts and incorporates by reference paragraphs 1-53, as though fully set forth herein as this paragraph 54.

55. The Hanover Policy covers a "claim" only if the insureds had no knowledge of facts which could have reasonably caused them to foresee a "claim," or any knowledge of the "claim," prior to the effective date of the Hanover Policy.

56. The Buck Class Action alleges that Defendants NWCREI, MorGro, RGD and Metro violated state and local law by imposing a security deposit forfeiture provision for an amount that is unrelated to any actual damages resulting from the event that triggered the forfeiture.

57. Aaron Frein made a written demand to NWCREI prior to the effective date of the Hanover Policy alleging that NWCREI had violated local ordinances by imposing a security deposit forfeiture provision and retaining Frein's security deposit.

58. NWCREI, MorGro, RGD and Metro had knowledge of facts which could have reasonably caused them to foresee a "claim" based on alleged violations of state and local law by imposing security deposit forfeiture provisions on tenants and retaining tenants' security

4878-5070-6692.1
COMPLAINT FOR DECLARATORY JUDGMENT- 12

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

deposits, or had knowledge of such a "claim," prior to the effective date of the Hanover Policy.

59. The Buck Class Action alleges that NWCREI, MorGro, RGD and Metro violated state and local law by deducting $50 from tenants' security deposits for a lock change fee upon termination of the tenancy.

60. Aaron Frein made a written demand to NWCREI prior to the effective date of the Hanover Policy alleging that NWCREI had violated local ordinances by deducting $50 from Frein's security deposit for a lock change fee upon termination of his tenancy.

61. NWCREI, MorGro, RGD and Metro had knowledge of facts which could have reasonably caused them to foresee a "claim" based on the deduction of $50 from tenants' security deposits for a lock change fee upon termination of the tenancy, or had knowledge of such a "claim," prior to the effective date of the Hanover Policy.

62. The Buck Class Action alleges that NWCREI, MorGro, RGD and Metro violated state and local law by failing to provide the notice of disclosures required by Ch. 7.25 of the Seattle Municipal Code with respect to utilities and by charging tenants more for utilities than is permitted under the ordinance.

63. David Buck made a written demand to NWCREI prior to the effective date of the Hanover Policy alleging that NWCREI had violated local ordinances by failing to provide the notice or disclosures required by Ch. 7.25 with respect to utilities and by charging tenants more than permitted under the ordinance for utilities.

64. NWCREI, MorGro, RGD and Metro had knowledge of facts which could have reasonably caused them to foresee a "claim" based on such defendants failing to provide the notice or disclosures required by Ch. 7.25 with respect to utilities and by charging tenants more than permitted under the ordinance for utilities, or had knowledge of such a "claim," prior to the effective date of the Hanover Policy.

4878-5070-6692.1
COMPLAINT FOR DECLARATORY JUDGMENT- 13

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

65. NWCREI, MorGro, RGD and Metro had knowledge of facts which could have reasonably caused them to foresee all of the "claims" set forth in the Buck Class Action, or had knowledge of all of the "claims" set forth in the Buck Class Action, prior to the effective date of the Hanover Policy.

66. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

## COUNT III
### (Declaratory Judgment – No Duty to Defend or Indemnify – No "Wrongful Act")

67. Hanover adopts and incorporates by reference paragraphs 1-66, as though fully set forth herein as this paragraph 67.

68. The Hanover Policy covers a "claim" only if it arises from a "wrongful act."

69. The Hanover Policy defines "wrongful act" as "any actual or alleged negligent act, error, omission, or misstatement committed in **your professional services**."

70. The Buck Class Action does not allege any negligent act, error, omission, or misstatement.

71. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 14

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

### COUNT IV
**(Declaratory Judgment – No Duty to Defend or Indemnify – Exclusion 11)**

72. Hanover adopts and incorporates by reference paragraphs 1-71, as though fully set forth herein as this paragraph 72.

73. Exclusion 11 of the Hanover Policy applies to any "claim" arising out of "…unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited, violations of any local, state or federal consumer protection laws.

74. Each cause of action in the First Amended Complaint in the Buck Class Action alleges acts or omissions that constitute "unfair or deceptive business practices" pursuant to the Washington Consumer Protection Act and "Title 7 – Consumer Protection" of the Seattle Municipal Code.

75. Exclusion 11 applies to exclude coverage for the Buck Class Action in its entirety.

76. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

### COUNT V
**(Declaratory Judgment – No Duty to Defend or Indemnify – Exclusion 15)**

4878-5070-6692.1
COMPLAINT FOR DECLARATORY JUDGMENT- 15

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

77. Hanover adopts and incorporates by reference paragraphs 1-76, as though fully set forth herein as this paragraph 77.

78. Exclusion 15 of the Hanover Policy applies, in part, to disputes arising out of "**your** fees or charges, including over-charges, or cost over-runs," "collecting **your** fees from third parties," and "the return of fees or other compensation paid to **you**."

79. The First Amended Complaint in the Buck Class Action alleges that NWCREI, MorGro, RGD and Metro charged former tenants lock change fees in violation of state and local law.

80. The Buck Class Action involves a dispute arising out of the fees or charges of NWCREI, MorGro, RGD and Metro.

81. Exclusion 15 applies to exclude coverage for the Buck Class Action in its entirety.

82. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

## COUNT VI
**(Declaratory Judgment – No Duty to Defend or Indemnify – Exclusion 1)**

83. Hanover adopts and incorporates by reference paragraphs 1-82, as though fully set forth herein as this paragraph 83.

84. Exclusion 1(a) of the Hanover Policy applies to claims based upon, arising out of, or in any way relating directly or indirectly to any "insured" "committing any intentional,

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 16

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

dishonest or fraudulent act or omission."

85. The First Amended Complaint in the Buck Class Action alleges intentional, dishonest or fraudulent acts or omissions.

86. To the extent a final adjudication establishes that the claims against NWCREI, MorGro, RGD and/or Metro arise out of any of these insureds committing any intentional, dishonest or fraudulent act or omission, Exclusion 1 applies to exclude coverage for the Buck Class Action.

87. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

### COUNT VII
**(Declaratory Judgment – No Duty to Defend or Indemnify – Exclusion 2)**

88. Hanover adopts and incorporates by reference paragraphs 1-87, as though fully set forth herein as this paragraph 88.

89. Exclusion 2 of the Hanover Policy applies, in part, to disputes arising out of any "claims based upon, arising out of, or in any way relating directly or indirectly" to any "willful or criminal violation of any statute, rule or law."

90. The Buck Class Action alleges willful violations of statutes, rules and/or laws.

91. Exclusion 2 applies to exclude coverage for the Buck Class Action in its entirety.

4878-5070-6692.1
**COMPLAINT FOR DECLARATORY JUDGMENT**- 17

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

82. Hanover has no duty to defend or indemnify NWCREI, MorGro, RGD and Metro with respect to the Buck Class Action.

WHEREFORE, The Hanover Insurance Company prays that this Honorable Court declare that Hanover has no obligation with respect to the defense or indemnification of NWCREI, MorGro, RGD and Metro against the Buck Class Action under the Hanover Policy and grant Hanover any other and relief that this Court deems just and proper, including fees and costs.

November 18, 2021                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Sarah D. Macklin*
Sarah D. Macklin, WSBA #49624
Sarah.Macklin@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Phone 206.436.2020
Fax 206.436.2030

Attorney for Plaintiff